# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

IN RE:      Robert and Renee Davis                    Case Number 07-24688

                    Debtors.                          Chapter 13

## ORDER OVERRULING THE TRUSTEE'S OBJECTION TO
## CONFIRMATION OF THE CHAPTER 13 PLAN

The trustee has objected to confirmation of the debtors' proposed Chapter 13 plan, based on the provision of the plan that allowed the debtors to make direct monthly payments, outside of the plan, to Chase Auto Finance for a 2005 GMC Yukon. For the reasons that follow, the Court overrules the trustee's objection to confirmation.

## I.    FACTUAL BACKGROUND

The debtors filed their Chapter 13 plan with their petition. The plan proposed to pay 100% of the general, non-priority, unsecured debt. (Chapter 13 Plan, Docket Number 2, at 2.) In addition, the plan proposed to pay $538.40 per month directly to Chase Auto Finance on a $24,182.00 claim secured by a 2005 GMC Yukon which was purchased within 910 days of the filing of the bankruptcy. (Chapter 13 Plan, Docket Number 2, at 3.) The debtors decided to pay this claim outside of the plan after reaching an agreement with Chase Auto Finance, in which Chase agreed to accept an interest rate on the loan of 6.34 % in exchange for the direct payment, instead of the prime-plus-1 to 3% interest rate applicable to 910-day vehicles under 11 U.S.C. § 1325 and related case law.

1

The trustee objected to confirmation of the proposed plan. In his objection, the trustee stated that he "believe[d] this creditor should be paid by the trustee through the plan." (Objection to Confirmation, Docket Number 11 at 1.) He provided no further written elaboration for the reasoning behind this objection.

At the hearing on the objection, the trustee advanced two arguments in support of his position.[1] First, the trustee argued that by paying for the vehicle outside of the plan, the debtors would avoid paying the trustee commission on those payments. The trustee noted that, when he had expressed this concern in the past, he had been accused of trying to protect his own financial interest by garnering larger trustee fees. He emphasized that, in fact, he received the same compensation regardless of whether debtors paid their vehicle claims through the plan or directly to the creditor. He argued that the reason for his concern over debtors who avoided paying the trustee commissions arose from the fact that if the Court allowed these debtors to pay for their vehicle outside of the plan, other debtors in other Chapter 13 proceedings who did not have the luxury of paying claims outside of the plan would end up paying increased trustee commissions.

Second, the trustee argued that a plan which proposed to pay one claim—the claim of the vehicle creditor—outside of the plan while paying other claims through the

---

[1] The trustee stated that he routinely objects to debtors paying vehicle claims outside the plan because of a concern that the creditor will not receive payment if it does not get paid through the plan. Because the plan in this case proposed to pay 100% of the unsecured claims, however, the trustee indicated that this particular concern was not the basis for his objection in this case. Accordingly, the Court addresses only the trustee's two arguments specific to this case.

2

plan constituted discrimination among classes of claims, in violation of 11 U.S.C. §§ 1322(a)(3) and (b)(1).

The Court took the matter under advisement, and for the reasons discussed below, overrules the trustee's objection to confirmation.

## II. LEGAL ANALYSIS

A.  The Impact of Allowing Some Debtors to Pay One Secured Claim Outside of the Plan Will Be *De Minimis.*

The trustee argued that, if the Court allows these debtors to pay for their vehicle outside of the plan and thus avoid the trustee commission on those payments, other debtors in other Chapter 13 proceedings who cannot pay claims directly will end up paying increased trustee commissions. As an initial matter, the Court notes that the trustee did not provide the Court with any statute or case law supporting this argument.

The relevant statutes cap the fees of standing trustees at a maximum of ten percent of all payments made by the debtor under the chapter 13 plan.[2] These debtors

---

[2] 28 U.S.C. § 586(e)(1) states
The Attorney General, after consultation with a United States trustee that has appointed an individual under subsection (b) of this section to serve as standing trustee in cases under chapter 12 or 13 of title 11, shall fix . . .

(B) a percentage fee not to exceed--

      (i) in the case of a debtor who is not a family farmer, ten percent
      . . .

based on such maximum annual compensation and the actual, necessary expenses incurred by such individual as standing trustee.

3

have proposed to pay a total of $82,200 through their plan; a 10% commission on this (the maximum allowable) would be $8,220. Adding the $24,182 vehicle claim to this total would bring the total to $106,382; a 10% commission on this amount would be $10,638.20, or an additional $2,418.20. Thus, by paying the creditor directly on the vehicle claim, the debtors are avoiding paying a maximum of $2,418.20 in commission, and probably less.

Even if the trustee had produced some evidence that allowing these debtors to pay for their vehicle outside of the plan would increase the trustee commissions that other Chapter 13 debtors pay, such an increase would be *de minimis*. The impact of losing a *maximum* of $2,418.20 in one case on the commissions of hundreds of other Chapter 13 cases is small, relative to the benefit to the debtors and the creditor in this case. Accordingly, the Court overrules the trustee's objection on these grounds.

B.  Opting to Pay One Secured Creditor Outside of the Plan, While Paying the Unsecured Creditors Through the Plan, Does not Constitute Discrimination Among Classes of Claims in Violation of § 1322.

The trustee also argued that a plan which proposed to pay one creditor–the vehicle creditor–directly, while paying the unsecured creditors through the plan amounted to discrimination among classes of claims, in violation of 11 U.S.C. § 1322.

Section 1322(a)(3), which requires certain things of a Chapter 13 plan in order

---

28 U.S.C. § 586(e)(1). 28 U.S.C. § 586(e)(2) states that the percentage fee shall be collected "from all payments received by such individual under plans in the cases under chapter . . . 13 . . . for which such individual serves as standing trustee." 28 U.S.C. § 586(e)(2).

4

for it to be confirmed, states that if a plan classifies claims, the plan "must provide the same treatment for each claim within a particular class." Section 1322(b)(1) states,

> Subject to subsections (a) and (c) of this section, the plan may . . . designate a class or classes of *unsecured* claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims.

11 U.S.C. § 1322(b)(1) (emphasis added).

As an initial matter, the Court does not agree that a plan which proposes to pay one secured creditor directly and the unsecured creditors through the plan is a plan which "classifies claims." This is not a plan which proposes, for example, to pay all student loan debt ahead of any other debt, or to pay all credit card debt at 100% while paying any other unsecured debt at 3%.[3]

---

[3] For example, in In re Crawford, 324 F.3d 539, 541 (7th Cir. 2003), the debtor proposed an amended plan that divided the unsecured debt into two classes, one class consisting of child support arrearage and the other class consisting of all of the debtor's remaining unsecured debt. The debtor proposed to pay two-thirds of the child support arrearage and proposed to pay nothing to the second class of unsecured creditors. The bankruptcy court held that this plan constituted unfair discrimination against the debtor's other unsecured creditors and the Seventh Circuit held that such a finding was not an abuse of discretion. Similarly, in In re Cheak, 171 B.R. 55, 56-58 (Bankr. S.D.Ill.1994), the Court held that a plan that proposed to pay 100% of the debtor's credit card debt to a specific bank, while paying the rest of the unsecured creditors "a share of the remaining base, not . . . less than 10% of the allowed claims" unfairly discriminated between classes of unsecured creditors. In In re Chapman, 146 B.R. 411 (Bankr.N.D.Ill.1992) the debtor proposed a plan that contained three classes of unsecured debt: one class for consumer debts that had co-signers, one class for student loan debts, and a third class for all other general unsecured debts. The debtor proposed to pay the co-signed consumer loan debts and student loan debts in full while paying the third class of the remaining unsecured claims only ten percent. The Court held that the debtor's plan unfairly discriminated between the student loan class of debts and the

5

Even if, however, one assumes for the sake of argument that the debtors in this case have "classified claims" in their plan, § 1322(b)(1) prohibits only discrimination among classes of *unsecured* claims. The trustee argued that the plan's treatment of the claim of Chase Auto Finance, a claim that is *secured* by a 2005 GMC Yukon, constituted an improper classification of claims. Because the claim of Chase Auto Finance is a *secured* claim, section 1322(b)(1) does not apply to Chase Auto Finance's claim.

Finally, even if the debtors' plan created "classes" of unsecured claims, and even if the Chase Auto Finance claim were unsecured, and thus covered by §1322(b)(1), §1322(b)(1) prohibits only *unfair* discrimination between or among classes of unsecured claims. As stated by the Seventh Circuit Court of Appeals in In re Crawford, when reviewing a claim classification to determine whether the claim unfairly discriminates between or among classes of claims, a bankruptcy judge need only "seek a result that is reasonable in light of the purposes of the relevant law, which in this case is Chapter 13 of the Bankruptcy Code," and if a bankruptcy judge does so, a reviewing court will "uphold [the bankruptcy judge's] determination unless it is unreasonable (an abuse of discretion)." In re Crawford, 324 F.3d at 542.

In the present case, the Court cannot discern any "unfair" discrimination in allowing the debtors to pay the Chase Auto Finance claim directly. Allowing the debtors to pay for the 2005 GMC Yukon outside of the plan benefits the debtors,

_____

class of general unsecured creditor debts. Id. at 417-18.

6

because they receive the benefit of a lower the interest rate on the loan. It arguably benefits Chase Auto Finance, by allowing for payment of its claim faster than the claim likely would be paid if paid through the trustee. Further, because the debtors receive the benefit of a lower interest rate from Chase Auto Finance by agreeing to pay the claim outside the plan, the debtors will pay less interest to Chase Auto Finance by the time the claim is paid in full, freeing up more money to pay their other creditors. Finally, because this plan proposes to pay the debtors' unsecured creditors 100% of all of their claims, all of the unsecured creditors will be receiving all of the money owed to them. Neither the debtors nor the creditors will be harmed unfairly if the Court allows the debtors to pay Chase Auto Finance directly.

### III.   CONCLUSION

The Court finds that, based on the facts of the present case, the provision in the debtors' plan which proposes to pay Chase Auto Finance outside of the plan is permissible. The provision does not violate any of the mandatory confirmation requirements of the Code. The Court finds the proposal permissible in this case because the debtors have proposed to pay 100% of the claims of their general unsecured creditors, because the proposal allows the debtors to receive a decreased interest rate of 6.34% on this claim, and because the creditor has agreed to accept direct payment. The Court wishes to be clear—it *does not* conclude that all Chapter 13 debtors are entitled in every instance to pay a secured vehicle creditor outside of the plan. Rather, based on the specific facts in the instant case, the Court finds that these debtors' plan

to pay the claim of Chase Auto Finance outside of the plan is permissible.

**WHEREFORE**, the Court hereby **OVERRULES** the trustee's objection to confirmation of the plan.

**SO ORDERED** this 14th day of September, 2007.

_____
HON. PAMELA PEPPER
United States Bankruptcy Court